IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARET SANDOVAL,

        Plaintiff,

vs.                                                                            No. CIV 04-1391 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on April 25, 2005. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket # 8] and Memorandum Brief [docket # 9], Defendant's Response [docket # 10], Plaintiff's Reply [docket # 11], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

### I.  Background

Plaintiff, who was born on December 19, 1960, worked as an electronics assembler, door-to-door salesperson, exotic dancer, waitress and dietary adviser before the onset of her alleged disability. Tr. 88. Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on June 21, 2002. Tr. 61-63, 219-221. She alleged that she became disabled on September 1, 2000. Tr. 26, 61. Plaintiff's application was denied at the initial level, Tr. 39, 222, and at the reconsideration level.

Tr. 40, 223.  Plaintiff appealed by filing a request for a hearing by an administrative law judge

("ALJ") on May 14, 2003.  Tr. 52.  The hearing before the ALJ was held on March 23, 2004, at

which Plaintiff appeared represented by an attorney.  Tr. 242-292.  Plaintiff alleged that she was

disabled as a result of back pain, anxiety, and poor eyesight.  Tr. 247, 251.  In an opinion dated June

16, 2004, the ALJ rendered an unfavorable decision, finding that Plaintiff was not disabled.  Tr. 22-

30.  Plaintiff then filed a request for review with the Appeals Council on August 19, 2004.  Tr. 13.

The Appeals Council denied Plaintiff's request for review on October 20, 2004, Tr. 8-11, and thereby

rendered the ALJ's decision the final decision of the Commissioner of Social Security

("Commissioner").  *See* 20 C.F.R. §§ 404.981, 416.1481

On December 14, 2004, Plaintiff filed this action for judicial review of the Commissioner's

final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  After consent by the

parties, [docket # 3, 5] this case was reassigned to the undersigned United States Magistrate Judge

pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported

by substantial evidence and whether correct legal standards were applied.  *Andrade v. Secretary of*

*Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).  In determining whether the

Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the

evidence, nor should it substitute its judgment for that of the Commissioner.  *Glass v. Shalala,* 43

F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to

determine whether the Commissioner's decision is supported by "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Williams v. Bowen,* 844 F.2d

748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of

job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  Tr. 26.  The ALJ found at step two that Plaintiff had the severe impairments of mild degenerative disc disease, major depression, personality somatoform disorder and substance addiction.  Tr. 27.  The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 27.  At step four, the ALJ concluded that Plaintiff retained the RFC to perform light or sedentary level work.  Tr. 28.  Given the RFC assessment, the ALJ found that Plaintiff could perform her past relevant work.  Tr. 29.  Additionally, at step five the ALJ concluded that there were a significant number of jobs in the national and regional economy that Plaintiff could perform.  Tr. 29.      Plaintiff contends that the ALJ erred by failing to consider all the evidence relating to Plaintiff's pain, by failing to consider lay testimony, by failing to follow SSR 82-61 in making his determination regarding past relevant work, and by failing to include all of Plaintiff's limitations in the hypothetical question presented to the vocational expert.

### IV.  Discussion

1. <u>Whether the ALJ Erred in his Assessment of Plaintiff's Pain.</u>

Plaintiff first argues that the ALJ improperly evaluated her subjective complaints concerning the impact of her pain on her ability to work.  The Court uses a three-part analysis in reviewing an ALJ's credibility determination concerning a claimant's allegations of disabling pain or impairments. *Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995).  First, has the claimant established a pain-

producing impairment by objective medical evidence; second, if so, is there a loose nexus between the proven impairment and the claimant's subjective allegations of pain; and third, if so, does all of the evidence, both objective and subjective, establish that the pain is in fact disabling.  *Id.*   It is difficult for a claimant "[t]o establish disabling pain without the explicit confirmation of treating physicians."  *Id.*  Credibility determinations are peculiarly the province of the ALJ, and the Court will not upset such determinations when supported by substantial evidence.  *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

In this case, the ALJ explained his reasons for determining that Plaintiff's testimony was not wholly credible.  The medical records cited by the ALJ did not contain any overt, objective findings of a back condition other than mild, age-appropriate degenerative disc disease.  Tr. 27.  Nonetheless, the ALJ concluded that the Plaintiff's back problem was "marginally severe."  Tr. 27.  Plaintiff cites a medical report from University Hospital that indicates "mild spondylosis deformans" at multiple levels.  Tr. 208.  However, the same report indicates that "alignment of the lumbar spine is normal" and "the vertebral body height and the disc space is adequately maintained."  Id.  Other medical records cited by the Plaintiff are generally consistent with the medical findings of the ALJ, i.e., age appropriate degenerative conditions.  Tr. 207, 208, 211, 212.

The second step of the *Kepler* analysis was not at issue here.  The ALJ did not question that the degenerative disc disease could cause Plaintiff some back pain.  At step three the ALJ obviously believed that Plaintiff had both pain and substantial functional limitations resulting from that pain, as evidenced by the RFC finding that limited Plaintiff to routine, supervised light or sedentary work. The ALJ accepted Plaintiff's testimony regarding her pain to a certain extent, just not to the extent that Plaintiff would have preferred.

The court finds that  there is substantial evidence to support the ALJ's step three determination that Plaintiff's testimony about her functional limitations was not fully credible.  As noted above, the medical evidence of record, in its entirety, did not support a finding that Plaintiff was so limited by pain that she could do no work whatsoever.  The consulting physician did not find that Plaintiff had significant musculoskeletal or neurological findings.  Tr. 27.  The ALJ noted that Plaintiff's claims that she could only walk short distances and sit for ten to twenty minutes had no support in the medical record.  Tr. 28, 152-154.  The ALJ noted that Plaintiff's  daily activities included driving and shopping when necessary, visiting, doing housework, and conducting other routine activities.  Tr. 28.

The ALJ found that Plaintiff's subjective complaints are "disproportionate to the objective findings and are not fully credited."  Tr. 28. Such an observation is  "peculiarly the province of the finder of fact."  *Diaz v. Sec. of Health & Hum. Serv.*, 898 F.2d 774, 777 (10th Cir. 1990).  A determination that a claimant was not credible because her testimony conflicted with the medical records is a recognized basis for discounting that testimony.  *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).  While Plaintiff points out that Plaintiff's daily activities were not extensive, this is not a case where the ALJ found the Plaintiff to have no work limitations whatsoever.  To the contrary, the ALJ limited Plaintiff's RFC to routine, supervised light or sedentary work. The Court finds that there is substantial evidence to support the ALJ's conclusion that Plaintiff's subjective complaints of pain and fatigue were not fully credible, and did not justify a finding that Plaintiff is disabled.  It is, of course, fully within the discretion of the ALJ to accept all, part, or none of the testimony of a claimant:

In making a finding about the credibility of an individual's statements, the adjudicator

6

> need not totally accept or totally reject the individual's statements. Based on a consideration of all of the evidence in the case record,  the adjudicator may find all, only some, or none of an individual's allegations to be credible. The adjudicator may also find an individual's statements, such as statements about the extent of functional limitations or restrictions due to pain or other symptoms, to be credible to a certain degree.

- SSR-96-7p. Accordingly, the Court finds that Plaintiff's objections to the ALJ's credibility determination are not well taken.

2. Whether the ALJ Failed to Evaluate the Lay Witness Testimony of Danny Sandoval.

Plaintiff next argues that the ALJ committed error by not expressly considering the testimony of Plaintiff's husband, Danny Sandoval.  Although the ALJ failed to list specific reasons for discrediting the testimony of Danny Sandoval, his testimony was not materially different from that of Plaintiff, and was discredited by the same evidence that discredited Plaintiff's own testimony regarding her limitations. *Lorenzen v. Chater*, 71 F.3d 316, 319 (8th Cir. 1995); *and see Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992)(arguable deficiency of failing to specifically discredit witness has no bearing on outcome when the witness's testimony is discredited by the same evidence that proves claimant's claims not credible).  Furthermore, the ALJ is not required to make a written finding about the credibility of each witness.  *Adams v. Chater*, 93 F.3d 712 (10th Cir. 1996). Plaintiff's objection on this ground is not well taken.

3. Whether the ALJ Improperly Determined That Plaintiff Was Capable of Performing Past Relevant Work.

Plaintiff next argues that the ALJ erred by finding Plaintiff capable of performing her past relevant work.  Plaintiff first alleges that Plaintiff's past relevant work, electronics assembler, was unsupervised, while Plaintiff was qualified for supervised work only.  Plaintiff's position is not well founded.  The relevant colloquy between the ALJ and the vocational expert was as follows:

Q:  If we were to assume then an individual of the age, educational background, and experience say the claimant.  If we were to find that person limited to a light range of work.  The work needs to be routine *supervised* work.  Would the individual described be able to do any of the past relevant work indicated?

A:  Okay, the hypothetical conditions would be light routine work that is *supervised*?

Q:  Um-hum.

A:  Telemarketer would fall under that category.  Also electronic assembler.

Q:  That's routine *unsupervised*.

A:  Right.

Q:  Okay.

Tr. 287-288 (emphasis supplied).

Contrary to Plaintiff's assertion, the vocational expert did not identify electronics assembler as an unsupervised job, she specifically identified it as a supervised job.  After the vocational expert so testified, the ALJ either misspoke by saying "That's routine unsupervised," or the ALJ said "That's routine supervised," but the court reporter made a transcription error.  The Court finds that the vocational expert's specific testimony, using the word "supervised" in response to the ALJ's hypothetical containing the word "supervised," trumps her subsequent one word response to a possible misstatement by the ALJ.  The Court notes that no objection was raised by Plaintiff's attorney at the time, nor has Plaintiff presented any evidence in this proceeding that would indicate that telemarketing or electronics assembly is anything other than supervised work.

Plaintiff next alleges that the ALJ's analysis of her capacity to return to past relevant work did not follow the guidelines set forth in *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).  Plaintiff

reiterates her contention above that the job of electronics assembler was unsupervised work. This contention is not well founded. Second, Plaintiff alleges that her purported inability to work around other people would prevent her from obtaining such employment and third, Plaintiff alleges that she would be unable to maintain employment as an electronics assembler, pointing to her testimony that she had attempted such work in 1999 but was unable to sustain that job due to back pain. Tr. 251. Plaintiff's arguments might have merit if the ALJ had uncritically accepted the entirety of Plaintiff's testimony. However, these arguments are based on testimony that was rejected by the ALJ as not credible. As noted earlier, the ALJ's credibility findings were supported by substantial evidence. Accordingly, it was not error for the ALJ to reject the offered testimony in the context of a *Winfrey* analysis.

4.  Whether the ALJ Failed to Include All of the Plaintiff's Limitations in His Hypothetical to the Vocational Expert at the Hearing.

Plaintiff's final contention is that the ALJ failed to include certain limitations in his hypothetical question to the vocational expert. Specifically, Plaintiff alleges an inability to remember "detailed instructions," and Plaintiff alleges that the jobs identified by the vocational expert required the worker to remember such detailed instructions. The ALJ need only present to a vocational expert those limitations that the ALJ finds are established by substantial evidence. *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). The ALJ's findings regarding RFC did not include the limitation advanced by Plaintiff. Additionally, the Court will not reverse an ALJ's decision over a purported conflict with the DOT when the conflict was not deemed sufficient to prompt questioning of the vocational expert at the hearing. *Carey v. Apfel*, 230 F.2d 131, 144-147 (5th Cir. 2000).

### V.  Conclusion

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a

Rehearing [docket #7] is  **DENIED,** and this matter shall be dismissed with prejudice.

 

 

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**

10